## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

LAURA S. MILLER,

        PLAINTIFF,

v.                                CIVIL ACTION NO.:

COX COMMUNICATIONS
GULF COAST, LLC.

        DEFENDANT.

_____/

## COMPLAINT

Plaintiff, LAURA S. MILLER, (hereinafter referred to as the "Plaintiff" or "Miller"), by and through her undersigned attorney, sues the defendant, COX COMMUNICATIONS GULF COAST, LLC, (hereinafter referred to as the "Defendant" or "Cox"), alleges as follows:

### *JURISDICTION AND VENUE*

1.      This is an action to remedy discrimination on the basis of disability and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes and violation of her federally protected rights under 29 USCS §§ 2611 et seq. Family Medical Leave Act.

1

Defendant is considered an employer within the terms and conditions of the 29 USCS §§ 2611 et seq. ("FMLA"). Defendant employs fifty (50) or more employees within 75 miles of Plaintiff's Pensacola, Florida worksite.

3.      Plaintiff worked for Defendant from August 20, 2011, until January 27, 2018.   Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

4.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

5.      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

6.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), and Fed. R. Civ. P. 54 as set forth herein.

7.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et

seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201920426) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900978) on June 17, 2019. On March 31, 2020, more than 180 days since Plaintiff's charge was filed, the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on February 15, 2021.

## *PARTIES*

8.     Plaintiff is a African American female and a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida. She was employed by Defendant from August 2011, until December 12, 2018.

9.     Defendant, Cox Communication ("Cox"), is a communications and entertainment company that provides internet, telephone, and home security services to residential customers across the United States.

10.     Defendant is an employer within the meaning of the ADA, ADAA, and the Florida Civil Rights Act as it employs in excess of twenty (15) employees.

11.     Defendant employs more than 50 employees and is an employer within the meaning of Family and Medical Leave Act ("FMLA").

## *FACTS*

12.     Plaintiff is a 35 year old African American female.

13.     Plaintiff began her employment with Defendant on August 15, 2011, as a Customer Retention Representative in Defendant's Call Center.

14.     Due to reorganization in the Call Center, Plaintiff's employment was terminated on June 9, 2014.

15.     On March 30, 2015, Plaintiff was re-hired as an Inside Retention Representative (IRR) for Cox Business Inside Sales.

16.     Plaintiff worked in this position under Inside Sales Manager of Cox Business, Eric Lipscomb until her termination on December 12, 2018.

17.     From March 2015, until 2018, Plaintiff performed the duties and responsibilities of her position in a satisfactory manner.

18.     In June of 2018, Plaintiff was involved in an automobile accident where in she injured her back resulting in the L4/L5 discs to bulge causing her to be in extreme pain.

19.     Plaintiff informed her supervisor, Eric Lipscomb, of her accident and injuries.

20.     Defendant had knowledge of Plaintiff's disability, when she informed her supervisor on June 2018 of her accident and bulging discs in her

4

back.

    A.   Defendant was aware of Plaintiff's disability.

    B.   Plaintiff is a qualified individual with a disability:

        (i)   she had a physical impairment that substantially limited one or more major life activities: Plaintiff suffered from mobility, vision, fatigue;

        (ii)  Plaintiff was under the treatment of a doctor for the care and treatment of her physical disabilities.

        (iii) she has a record of such impairment; and,

        (iv) she was regarded (perceived or otherwise) by Defendant as having such impairments.

21.    Plaintiff's disabilities substantially affected one or more major life activity such as concentration and mobility.

22.    Plaintiff had the ability to perform the essential functions of her position as a Inside Retention Representative (IRR) and could have done so with or without an accommodation.

23.    Although Plaintiff was in severe pain, she continued to work and perform her duties and responsibilities in a satisfactory manner, meeting or exceeding performance expectations.

24.    In October of 2018, Plaintiff requested that she be allowed to place a space heater at her work area to prevent her back from tightening due to the workplace always being cold.

25.    Plaintiff's request was not unreasonable, as Defendant routinely allowed other employees to utilize space heaters if needed, nevertheless, Mr. Lipscomb denied Plaintiff's request.

26.    From that day forward, Plaintiff was treated differently by her supervisor, Mr. Lipscomb.

27.    On December 3, 2018, Plaintiff's back was causing her extreme pain and her legs became numb resulting in her falling at work. Plaintiff reported the incident to Mr. Lipscomb.

28.    Two days later on December 5, 2018, Plaintiff informed Mr. Lipscomb that she was applying for FMLA due to her back injuries.

29.    On December 7, 2018, Plaintiff began the formal FMLA application process.

30.    Defendant utilizes the services of a third party administrator for its FMLA leave requests.

31.    Upon finding out about Plaintiff's impending FMLA leave, Mr. Lipscomb expressed his displeasure with Plaintiff for taking FMLA at the end of the year.

32.    Mr. Lipscomb told Plaintiff that she was required to work until the beginning of the year so that he could make his year-end sales quotas.

33.    Mr. Lipscomb's failure to take affirmative steps to ascertain the requirements of the FMLA and assist Plaintiff in her transition into her FMLA leave evidenced a lack of good faith by Mr. Lipscomb and Defendant.

34.    Defendant has had knowledge of Plaintiff's serious health condition,

having had an automobile accident in June 2018 and her continued back problems all being reported to Mr. Lipscomb.

35.   Defendant had sufficient information to know that Plaintiff was a qualified individual and that her medical condition would have qualified her for FMLA leave.

36.   Plaintiff's verbal notice to Ms. Lipscomb was sufficient to assert her rights under the FMLA, as she conveyed more than enough information to put Defendant on notice that an event described in the FMLA may have occurred.

37.   Mr. Lipscomb knew and showed reckless disregard for  his refusal to let Plaintiff utilize her pending FMLA leave or for requesting FMLA,  was prohibited by the statute.

38.   On December 10, 2018, Plaintiff began her FMLA leave and did not go into work.

39.   On December 13, 2018, while out on FMLA leave, Plaintiff received a letter from Defendant stating that her employment with Defendant had been terminated.

40.   Defendant knew that Plaintiff was qualified for leave under the FMLA, had applied for FMLA leave prior to her termination and was on FMLA leave at the time of her termination.

41.   The reasons given for Plaintiff's termination, were pretextual and in

retaliation for her utilizing her federally protected rights. Within a week of Plaintiff

informing her supervisor, Mr. Lipscomb, that she was in constant pain from her

back injury and was applying of FMLA, Plaintiff's employment with Defendant

termination. Defendant's reason for termination was that she provided false

information to customers about their accounts. However, Defendant destroyed the

alleged recordings of Plaintiff's misconduct.

<u>FIRST CAUSE OF ACTION</u>
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND*
*AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

42.     Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 41 of this complaint with the same force and effect as if set

forth herein.

43.     This is an action to remedy discrimination on the basis of Plaintiff's

disability, perceived or otherwise, in the terms, conditions, and privileges of her

employment with Defendant in violation of the Americans with Disabilities Act,

(ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act

Amendments of 2008.

44.     At all times material hereto, Plaintiff was an employee of

Defendant within the meaning of Americans with Disabilities Act, (ADA), 42

U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments

of 2008.

45.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

46.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

47.     The adverse personnel action, the constructive termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

48.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

49.     As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

50.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

51.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

52.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 of this complaint with the same force and effect as if set forth herein.

53.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

54.     At all times material hereto, Plaintiff was an employee of

Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

55.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

56.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

57.     The adverse personnel action, the constructive termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

58.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

59.      As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

60.      Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

61.      Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

THIRD CAUSE OF ACTION
(*DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES*)

62.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 of this complaint with the same force and effect as if set forth herein.

63.      Defendant discriminated against Plaintiff on the basis of her disability, perceived or otherwise, in the terms, conditions, and privileges of

Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

64.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

65.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

66.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

67.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

69.     As a result of Defendant's wrongful and unlawful discriminatory acts against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

70.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

71.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

72.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 of this complaint with the same force and effect as if set forth herein.

73.     This is an action to remedy retaliation by the Defendant in

14

violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

74.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

75.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

76.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

77.     The adverse personnel action, the constructive termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

78.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

79.     As a result of the Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

80.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

81.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### FIFTH CAUSE OF ACTION
(FMLA INTERFERENCE)

82.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 of this complaint with the same force and effect as if set forth herein.

83.     On December 3, 2018, Plaintiff's back was causing her extreme pain and her legs became numb resulting in her falling at work. Plaintiff reported the

incident to Mr. Lipscomb.

84.    Two days later on December 5, 2018, Plaintiff informed Mr. Lipscomb that she was applying for FMLA due to her back injuries.

85.    On December 7, 2018, Plaintiff began the formal FMLA application process.

86.    Defendant utilizes the services of a third party administrator for its FMLA leave requests.

87.    Upon finding out about Plaintiff's impending FMLA leave, Mr. Lipscomb expressed his displeasure with Plaintiff for taking FMLA at the end of the year.

88.    Mr. Lipscomb told Plaintiff that she was required to work until the beginning of the year so that he could make his year-end sales quotas.

89.    Mr. Lipscomb's failure to take affirmative steps to ascertain the requirements of the FMLA and assist Plaintiff in her transition into her FMLA leave evidenced a lack of good faith by Mr. Lipscomb and Defendant.

90.    Defendant has had knowledge of Plaintiff's serious health condition, having had an automobile accident in June 2018 and her continued back problems all being reported to Mr. Lipscomb.

91.    Defendant had sufficient information to know that Plaintiff was a qualified individual and that her medical condition would have qualified her for

FMLA leave.

92.    Plaintiff's verbal notice to Ms. Lipscomb was sufficient to assert her rights under the FMLA, as she conveyed more than enough information to put Defendant on notice that an event described in the FMLA may have occurred.

93.    Mr. Lipscomb knew or showed reckless disregard for his refusal to let Plaintiff utilize her pending FMLA leave or for requesting FMLA,  was prohibited by the statute.

94.    On December 10, 2018, Plaintiff began her FMLA leave and did not go into work.

95.    On December 13, 2018, while out on FMLA leave, Plaintiff received a letter from Defendant stating that her employment with Defendant had been terminated.

96.    Defendant knew that Plaintiff was qualified for leave under the FMLA, had applied for FMLA leave prior to her termination and was on FMLA leave at the time of her termination.

97.    The reasons given for Plaintiff's termination, were pretextual and in retaliation for her utilizing her federally protected rights. Within a week of Plaintiff informing her supervisor, Mr. Lipscomb, that she was in constant pain from her back injury and was applying of FMLA, Plaintiff's employment with Defendant termination. Defendant's reason for termination was that she provided false

information to customers about their accounts. However, Defendant destroyed the alleged recordings of Plaintiff's misconduct.

98.    Defendant unlawfully interfered with Plaintiff's federally protected rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

99.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

100.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

101.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

### *SECOND CAUSE OF ACTION*
(FMLA RETALIATION)

102.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 of this complaint with the same force and effect as if set forth herein.

103.   Plaintiff availed herself of a protected right under the FMLA.

104.   Plaintiff suffered an adverse employment decision as she was terminated on December 13, 2018.

19

105.   Defendant's decision was directly related to Plaintiff's FMLA protected activity.

106.   Defendant retaliation was motivated by its impermissible retaliatory or discriminatory animus towards Plaintiff for asserting her rights under the FMLA.

107.   Defendant knew that Plaintiff applied for and was on FMLA at the time of her termination.

108.   On December 3, 2018, Plaintiff's back was causing her extreme pain and her legs became numb resulting in her falling at work. Plaintiff reported the incident to Mr. Lipscomb.

109.   Two days later on December 5, 2018, Plaintiff informed Mr. Lipscomb that she was applying for FMLA due to her back injuries.

110.   On December 7, 2018, Plaintiff began the formal FMLA application process.

111.   Defendant utilizes the services of a third party administrator for its FMLA leave requests.

112.   Upon finding out about Plaintiff's impending FMLA leave, Mr. Lipscomb expressed his displeasure with Plaintiff for taking FMLA at the end of the year.

113.   Mr. Lipscomb told Plaintiff that she was required to work until the

beginning of the year so that he could make his year-end sales quotas.

114.   Mr. Lipscomb's failure to take affirmative steps to ascertain the requirements of the FMLA and assist Plaintiff in her transition into her FMLA leave evidenced a lack of good faith by Mr. Lipscomb and Defendant.

115.    Defendant has had knowledge of Plaintiff's serious health condition, having had an automobile accident in June 2018 and her continued back problems all being reported to Mr. Lipscomb.

116.   Defendant had sufficient information to know that Plaintiff was a qualified individual and that her medical condition would have qualified her for FMLA leave.

117.   Plaintiff's verbal notice to Ms. Lipscomb was sufficient to assert her rights under the FMLA, as she conveyed more than enough information to put Defendant on notice that an event described in the FMLA may have occurred.

118.   Mr. Lipscomb knew or showed reckless disregard for his refusal to let Plaintiff utilize her pending FMLA leave or for requesting FMLA,  was prohibited by the statute.

119.   On December 10, 2018, Plaintiff began her FMLA leave and did not go into work.

120.   On December 13, 2018, while out on FMLA leave, Plaintiff received a letter from Defendant stating that her employment with Defendant had been

terminated.

121. Defendant knew that Plaintiff was qualified for leave under the FMLA, had applied for FMLA leave prior to her termination and was on FMLA leave at the time of her termination.

122. The reasons given for Plaintiff's termination, were pretextual and in retaliation for her utilizing her federally protected rights. Within a week of Plaintiff informing her supervisor, Mr. Lipscomb, that she was in constant pain from her back injury and was applying of FMLA, Plaintiff's employment with Defendant was terminated. Defendant's reason for termination was that she provided false information to customers about their accounts. However, Defendant destroyed the alleged recordings of Plaintiff's misconduct.

123. Defendant unlawfully retaliated against Plaintiff's for asserting her federally protected rights under the Family and Medical Leave Act when Defendant had sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason and still chose to terminate her.

124. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

125.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

126.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.      Declaring the acts and practices complained of herein are violation of the ADA, ADAA, FMLA and Florida Civil Rights Act (FCRA);

b.       Enjoining and permanently restraining those violations of the ADA, ADAA, FMLA and Florida Civil Rights Act (FCRA);

c.      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i.        Awarding Plaintiff Front Pay in lieu of reinstatement;

ii.       Awarding Plaintiff compensatory damages;

iii.      Awarding Plaintiff liquidated damages;

iv.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.        Granting such other and further relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: May 12, 2021                By: */s/ Clayton M. Connors*
                                                CLAYTON M. CONNORS
                                                Florida Bar No.: 0095553
                                                Email: cmc@westconlaw.com
                                                **THE LAW OFFICES OF**
                                                **CLAYTON M. CONNORS, PLLC.**
                                                4400 Bayou Blvd., Suite 32A
                                                Pensacola, Florida 32503
                                                Tel: (850) 473-0401
                                                Fax: (850) 473-1388
                                                Attorney for Plaintiff